UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

SONYA SEXTON,
*as Administratrix of the Estate of*
CLINT E. SEXTON,

      Plaintiff,

v.                                         CIVIL ACTION NO.   5:21-cv-00556

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant United States of America's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed May 12, 2022. [Doc. 13]. The matter is ready for adjudication.

### I.

According to the complaint, on January 25, 2018, Clint E. Sexton pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [Doc. 1 ¶¶ 25-26]. Mr. Sexton's presentence investigation report indicated that he suffered from an extensive history of mental illness and past thoughts of suicide. *Id*. ¶¶ 28-29. As a result, the sentencing court ordered that Mr. Sexton receive mental health counseling while incarcerated. *Id*. ¶ 33. However, shortly after arriving at Federal Correctional Institution Beckley ("FCI Beckley"), on August 15, 2018, Mr. Sexton committed suicide. *Id*. ¶ 35. FCI Beckley never performed a psychiatric evaluation nor provided mental health counseling prior to the incident. *Id*. ¶¶ 36-37.

Plaintiff Sonya Sexton, as Administratrix of the Estate of Mr. Sexton, consequently filed a Notice of Claim through her attorney, which was received by the Bureau of Prisons ("BOP") on August 5, 2019. [Doc. 1-1 at 1-2]. However, because the claim did not include sufficient evidence of the attorney's authority to represent Ms. Sexton, the BOP rejected it on August 14, 2019. *Id*. at 2. In response, Ms. Sexton submitted a copy of her contract with her attorney on October 17, 2019, as evidence of his authority to represent her. *Id*. Ms. Sexton contends that the BOP never responded to this submission. [Doc. 1 ¶ 6].

The United States disputes this contention. It asserts that after submitting her Notice of Claim, Ms. Sexton next contacted the BOP on March 2, 2020, to confirm that her claim had been received. [Docs. 13-1 at 25-27, 14 at 4]. The BOP responded to that inquiry on April 15, 2020, stating that the claim had been rejected for the reasons articulated on August 14, 2019. [Docs. 13-1 at 28-32, 14 at 4-5]. Following that inquiry, the BOP claims to have received no further correspondence from Ms. Sexton prior to the filing of her original lawsuit on July 23, 2020, *Sexton v. United States*, No. 5:21-cv-00556 (S.D. W. Va.). [Doc. 14 at 5]. Prior to filing her original lawsuit, however, on May 21, 2020, Ms. Sexton again sent a copy of her contract with her attorney to the BOP. [Doc. 1-1 at 2].

On March 29, 2021, the Court dismissed Ms. Sexton's original lawsuit without prejudice in order to provide the BOP with an opportunity to consider whether Ms. Sexton had submitted sufficient evidence of her attorney's authority to represent her. [Doc. 1-1 at 8-9]. Following dismissal, on either March 31 or April 8, 2021, Ms. Sexton sent a third copy of her contract with her attorney to the BOP. [Docs. 1-3, 13-1 at 33-40]. After claiming to have received no response, Ms. Sexton filed this lawsuit on October 12, 2021, asserting claims for negligence/wrongful conduct against the United States pursuant to the Federal Tort Claims Act

("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq*. [Doc. 1]. The United States notes, however, that the BOP denied Ms. Sexton's claim on September 14, 2021, because the two-year statute of limitations under the FTCA had run. [Doc. 13-1 at 42-46].

The United States filed the instant Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on May 12, 2022. [Doc. 13]. It argues that Ms. Sexton failed to exhaust her administrative remedies prior to the expiration of the FTCA two-year statute of limitations. [Doc. 14 at 5-10]. Specifically, the United States contends that she failed to properly present her claim to the BOP and that proper filing of an administrative claim is a requirement that cannot be waived. *Id.* Further, it asserts that this Court has no authority to require the BOP to accept amendment of Ms. Sexton's claim after the expiration of the FTCA statute of limitations. *Id.* at 10-11.

Ms. Sexton responded on June 3, 2022, urging the Court to deny the United States' motion on the ground that her complaint should be deemed timely under the doctrine of equitable tolling. [Doc. 16 at 4-5]. She asserts that she exercised due diligence to preserve her rights and that the United States' claim to have never received her letter containing proof of authorized representation is an extraordinary circumstance beyond her control. *Id.* She further notes that, when the original case was dismissed, the two-year statute of limitations under the FTCA had already run. *Id.* at 5. Thus, without equitable tolling, the Court's intention to dismiss the original case without prejudice would be thwarted. *Id.* Finally, Ms. Sexton contends that dismissing her case would result in gross injustice. *Id.* at 5-6.

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *see Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). However, where, as here, "on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998).

*Federal Rule of Civil Procedure* 56 provides that summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and citation omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of

the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

### III.

The FTCA makes the United States liable for "tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. However, an FTCA claim

> shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). For purposes of 28 U.S.C. § 2401(b), the FTCA's implementing regulations state that

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, *and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.*

28 C.F.R. § 14.2(a) (emphasis added).

The BOP has further issued supplemental regulations with respect to authorized representatives. *See* 28 C.F.R. § 14.11 ("Each agency is authorized to issue regulations and establish procedures consistent with the regulations in this part."). Specifically, the BOP's supplemental regulations provide that "[a] person acting on your behalf as an agent, executor, administrator, parent, guardian, or other representative may file a claim for you *if the person*

*provides a written statement signed by you giving that person permission to act for you.*" 28 C.F.R. § 543.31(a) (emphasis added); *see also* Federal Bureau of Prisons Program Statement Number 1320.06, Federal Tort Claims Act at 3 (Aug. 1, 2003). However, under the BOP regulations, "[i]f you fail to provide all necessary information, your claim will be rejected and returned to you requesting supplemental information." 28 C.F.R. § 543.32(a).

Here, the BOP originally rejected Ms. Sexton's claim because she failed to include sufficient evidence of her attorney's authority to represent her under 28 C.F.R. § 543.31(a). [Doc. 13-1 at 21-24]. Following dismissal of her original case, Ms. Sexton mailed a copy of her contract with her attorney to the BOP, remedying the defect in her claim. *Id.* at 33-40. However, the BOP again rejected Ms. Sexton's claim on the ground that the two-year statute of limitations under 28 U.S.C. § 2401(b) had run. [Doc. 13-1 at 41-46]. Now, in response to the United States' motion, Ms. Sexton argues that she is entitled to equitable tolling.

"[T]he FTCA's time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015). "[A] litigant is entitled to equitable tolling . . . only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing [the] two elements."). However, "any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting *Harris v. Hutchison*, 209 F.3d 325, 330 (4th Cir. 2000)).

As the Supreme Court has observed, "the diligence prong . . . covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Menominee Indian Tribe of Wis.*, 577 U.S. at 257 (quoting *Holland*, 560 U.S. at 649). While extraordinary circumstances may exist where "plaintiffs [are] prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," *Harris*, 209 F.3d at 330, this does not "extend to garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246. For example, "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Id.* at 248 (quoting *Harris*, 209 F.3d at 331). This is because, setting aside situations of constitutionally ineffective assistance, counsel's actions "do not present 'circumstances external to the party's own conduct.'" *Id.* at 249 (quoting *Harris*, 209 F.3d at 330).

With respect to the first element, Ms. Sexton has diligently pursued her claims. After receiving the BOP's initial rejection of her claim on August 14, 2019, Ms. Sexton sent copies of her contract with her attorney to the BOP on October 17, 2019, and May 21, 2020. [Doc. 1-1 at 2]. Further, after receiving no response from the BOP, Ms. Sexton filed her original action on July 23, 2020, seeking to remain within the statute of limitations period.[1] *Id.* When that action was subsequently dismissed on March 29, 2021, Ms. Sexton again sent a third copy of her contract with her attorney to the BOP on either March 31 or April 8, 2021. [Doc. 1-2]. Although the BOP denied her claim on September 14, 2021, she claims to have never received this denial and instead filed this lawsuit on October 12, 2021, pursuant to 28 U.S.C. § 2675(a), which provides "[t]he

---

[1] The Court notes that 28 U.S.C. § 2401(b) requires the claim be presented to a federal agency, not a court, within two years after such claim accrues.

failure of an agency to make final disposition of a claim within six months after it is filed . . . be deemed a final denial of the claim for purposes of this section." [Doc. 1]. Accordingly, viewing the evidence in the light most favorable to the nonmovant, Ms. Sexton has diligently pursued her claims.

Moreover, extraordinary circumstances outside of Ms. Sexton's control also prevented her from timely filing. On July 23, 2020, she commenced her first lawsuit related to the allegations in this case. [Doc. 1-1 at 2]. However, while that lawsuit was pending before this Court, the statute of limitations ran. As a result, when Ms. Sexton's case was eventually dismissed on March 29, 2021, *id.*, her claim was already time barred. Furthermore, Ms. Sexton could not have remedied her first case as the FTCA requirements must be met "at the time the action [is] filed." *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990); *see also McNeil v. United States*, 508 U.S. 106 (1993) (affirming dismissal of an FTCA action filed prior to exhaustion of administrative remedies). Accordingly, because the Court's resolution of her first case was a "matter[] outside [her] control," *Menominee Indian Tribe of Wis.*, 577 U.S. at 257 (quoting *Holland*, 560 U.S. at 649), extraordinary circumstances prevented her from complying with the statute of limitations.

As Ms. Sexton has met both elements, the Court equitably tolls the statute of limitations from July 23, 2020, when Ms. Sexton instituted her first action, to March 29, 2021, when the Court dismissed that case. At dismissal, Ms. Sexton therefore had twenty-three (23) days remaining in the statute of limitations period and promptly sent, on either March 31 or April 8, 2021, another copy of her contract with her attorney to the BOP. [Docs. 1-3, 13-1 at 33-40]. Consequently, even assuming Ms. Sexton sent the contract on the later date, this would have been within the remaining twenty-three (23) days of the statute of limitations period. Accordingly, with

the benefit of equitable tolling, Ms. Sexton presented her claim "to the appropriate Federal agency within two years after such claim [had] accrue[d]." 28 U.S.C. § 2401(b).

Furthermore, the Court has jurisdiction over this case. The BOP denied Ms. Sexton's claim on September 14, 2021, and she filed this lawsuit within six months, on October 12, 2021, as required under 28 U.S.C. § 2401(b). However, even assuming a denial on timeliness grounds is not a final denial, the "failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim." 28 U.S.C. § 2675(a). And here, Ms. Sexton filed this lawsuit more than six months after submitting her entire claim to the BOP on either March 31 or April 8, 2021.

### IV.

Based upon the foregoing discussion, the Court **DENIES** Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment **[Doc. 13]**.

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: March 31, 2023



Frank W. Volk
United States District Judge